## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

BRIANNA BUENTELLO,

*Plaintiff*,

v.

LAUREN BOEBERT, in her official capacity,

*Defendant*.

Case No. 1:21-cv-00147

## CONGRESSWOMAN BOEBERT'S SUPPLEMENTAL BRIEF REGARDING VACATUR OF *BIDEN v. KNIGHT FIRST AMENDMENT INSTITUTE*

Defendant the Honorable Lauren Boebert, United States Representative for the Third Congressional District of Colorado, in her official capacity, respectfully contends that the Supreme Court's decision to vacate *Knight First Amendment Institute at Columbia University v. Trump*, 928 F.3d 226 (2d Cir. 2019), as moot provides additional support to deny Plaintiff Brianna Buentello's Motion for Preliminary Injunction.  *See Biden v. Knight First Amendment Inst. at Columbia Univ.*, 141 S. Ct. 1220 (2021) (mem.).  The Supreme Court's decision in *Knight* has vacated one of the primary cases relied upon by Ms. Buentello and, more broadly, illustrates the inherent problem of establishing the requisite state action in a First Amendment lawsuit over a public official's operation of a personal social media account.

## BACKGROUND

In *Knight*, the Supreme Court granted the writ of certiorari, vacated the judgment below, and remanded the case to the United States Court of Appeals for the Second Circuit with instructions to dismiss as moot pursuant to *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950).  141 S. Ct. 1220.

This type of vacatur is generally appropriate when a civil case becomes moot while pending before an appellate court, so long as the mootness is caused by the party who prevailed below or by the "vagaries of circumstance." *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 25 (1994) (discussing *Munsingwear*).  It is a discretionary equitable power that is appropriate when the decision below would have been worthy of further review absent mootness. *See Azar v. Garza*, 138 S. Ct. 1790, 1793 (2018) (per curiam).  In that instance, as in *Knight*, a vacatur for mootness prevents "a judgment, unreviewable because of mootness, from spawning any legal consequences." *See Munsingwear*, 340 U.S. at 41.

## ARGUMENT

The Supreme Court's vacatur of the *Knight* judgment strengthens Congresswoman Boebert's already compelling argument here in at least three ways.

*First*, the Court vacated one of the circuit court cases that have developed the law on which Ms. Buentello's Motion principally relies.  *See* Rep. Boebert's Opp'n at 14-15 (ECF No. 27); *see also* Motion at 11, 15 (ECF No. 2) (referring to *Knight* as the "definitive case" on this issue).  There are now only two remaining circuit court cases that analyze in detail a public official's "blocking" of social media users.  *See* Rep. Boebert's Opp'n at 14.  As previously explained, Representative Boebert's personal Twitter account more closely resembles the personal Twitter account in *Campbell v. Reisch*, 986 F.3d 822 (8th Cir. 2021), which was used overwhelmingly for campaign purposes rather than as an organ of official business, than the official Facebook account in *Davison v. Randall*, 912 F.3d 666 (4th Cir. 2019), which was used to conduct government business and was separate from the individual's personal and campaign Facebook accounts.  *See id.* at 15-20.  With the Second Circuit's judgment in *Knight* now vacated, it cannot "spawn[] any legal consequences" here.  *See Munsingwear*, 340 U.S. at 41.

2

And in any event, this case is clearly distinguishable from the facts in *Knight*.  *See* Rep.

Boebert's Opp'n at 17-18.

   *Second*, the vacatur of *Knight* is instructive because it is consistent with the distinction

between private conduct and official action.  Indeed, in seeking vacatur of the Second Circuit's

decision, the Department of Justice (DOJ) argued that the case had been mooted by the outcome

of the 2020 election.  *See* Suppl. Br. for the Pet'rs at 6, *Biden v. Knight*, 141 S. Ct. 1220 (2021)

(mem.) (No. 20-197).[1]  Once President Biden took office, Mr. Trump was no longer a proper

party to an official-capacity suit, and the case accordingly became moot.  *See id.* at 2-3.

President Biden, as the current officeholder, will not have any control over Mr. Trump's personal

Twitter account (@realDonaldTrump), unlike the official Presidential Twitter account

(@POTUS).  *Id.* at 4.  That fact, in DOJ's view, also shows that the blocking on the

@realDonalTrump account was not state action.  *Id.* at 4-5.  Vacatur, according to DOJ, was

necessary because the declaratory judgment in *Knight*, which would have run against President

Biden rather than Mr. Trump, would have been harmful precedent to government officials if it

became unreviewable due to mootness.  *Id.* at 3-6.

   Though the Supreme Court did not explain its reasoning, its decision to exercise its

discretionary power to vacate the Second Circuit's *Knight* judgment recognizes the distinction

between private social media conduct and official action.  It is reasonable to infer that the Court

vacated *Knight* as moot because, as DOJ contended, the change in officeholders mooted the

official-capacity claims because the @realDonaldTrump Twitter account is no longer controlled

by the President.  *See id.* at 4-5.  That same logic applies here.  Ms. Boebert's alleged blocking

---

   [1]  Available at https://www.supremecourt.gov/DocketPDF/20/20-
197/166744/20210119182650736_20-197 Knight Munsingwear supp brief.pdf.

on her personal Twitter account was not official action because, among other reasons, it did not derive from any exercise of *government* power.  *See* Rep. Boebert's Opp'n at 12-14.  Once the Congresswoman leaves office, her successor will not have control over her personal Twitter account.  Thus, consistent with DOJ's argument in *Knight*, there was no official action here when Ms. Boebert allegedly blocked Ms. Buentello from the @laurenboebert Twitter page.

*Third*, the vacatur in *Knight* demonstrates that this area of the law is not so clearly established that it justifies granting the extraordinary injunctive relief Ms. Buentello requests. Courts are still grappling with the proper application of First Amendment law in circumstances where public officials block users on social media.  Indeed, since Ms. Buentello filed her Motion, both the Supreme Court and the Eighth Circuit have issued decisions that undercut Ms. Buentello's arguments to enjoin the Congresswoman in her official capacity.  This Court should likewise deny Ms. Buentello's attempt to blur the critical distinction between private conduct and official action.

Dated: April 16, 2021                                   Respectfully submitted,

                                                        */s/ Douglas N. Letter*
                                                        DOUGLAS N. LETTER
                                                          *General Counsel*
                                                        TODD B. TATELMAN
                                                          *Principal Deputy General Counsel*
                                                        BROOKS M. HANNER
                                                          *Associate General Counsel*

                                                        OFFICE OF GENERAL COUNSEL
                                                        U.S. HOUSE OF REPRESENTATIVES
                                                        5140 O'Neill House Office Building
                                                        Washington, D.C. 20515
                                                        (202) 225-9700 (telephone)
                                                        douglas.letter@mail.house.gov

                                                        *Counsel for Representative Boebert, in her
                                                        official capacity*

4

**TYPE-VOLUME CERTIFICATION**

1.      This document complies with the word limit set forth in DDD Civ. P.S. III(A)(1) and the Court's April 6, 2021 minute order because, excluding parts of the document exempted under the practice standards, this document contains 947 words.

2.      This document complies with the typeface and type-style requirements set forth in DDD Civ. P.S. I(D) because this document has been prepared in Microsoft Word using 12-point Times New Roman, a proportionally spaced, serif font typeface.


                                        */s/ Douglas N. Letter*
                                        DOUGLAS N. LETTER

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2021, I caused the foregoing document to be filed via

the CM/ECF system for the U.S. District Court for the District of Colorado, which will send

notification of that filing to all counsel of record in this litigation.


*/s/ Douglas N. Letter*
DOUGLAS N. LETTER