# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-00147

BRIANNA BUENTELLO,

  Plaintiff,

v.

LAUREN BOEBERT,

  Defendant.

---

## RESPONSE TO CONGRESSWOMAN LAUREN BOEBERT'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED.R.CIV.P. 56(d)

---

  Plaintiff, by and through undersigned counsel, hereby submits this Response To Congresswoman Lauren Boebert's Motion For Summary Judgment Pursuant To Fed.R.Civ.P 56(d), and states in support as follows:

## 1. INTRODUCTION AND FACTUAL BACKGROUND

  Plaintiff has conducted no discovery in this matter; disclosures have not even been exchanged. Despite this, Defendant Boebert filed a motion for summary judgment seeking to dismiss Plaintiff's case against her. [Doc. #34]. That motion cites to only two self-serving declarations: one from Defendant Boebert herself and another from one of Defendant Boebert's employees. [Doc. #34-1]; [Doc. #34-2]. Defendant Boebert's motion is an attempt to "railroad" Plaintiff in this case "through a premature motion for summary judgment before [Plaintiff] has had the opportunity to make full discovery." *Dickens v. Whole Foods Market Group, Inc.*, Civ. No. 01-1054, 2003 WL 21486821, at *2 n.5 (D.D.C. Mar. 18, 2003) (citations omitted). It is improper in accordance with Fed. R. Civ. P. 56(d) and should be denied so that Plaintiff

Buentello is allowed the opportunity to conduct discovery in this matter.

2. **S**TANDARD **O**F **R**EVIEW

The Federal Rules of Civil Procedure dictate that "[i]f a nonmovant shows by affidavit[1] or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed.R.Civ.P. 56(d). This Rule is justified by fundamental concerns of fairness, as summary judgment should "be refused where the non-moving party has not had the opportunity to discover information that is essential to his opposition." *Anderson v. Liberty Lobby,* 477 U.S. 242, n. 5 (1986); *Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1521-22 (10th Cir. 1992).[2] Consistent with Fed.R.Civ.P. 56(d), courts routinely find that summary judgment "ordinarily 'is proper only after the plaintiff has been given adequate time for discovery.'" *Americable Int'l, Inc. v. Dep't of Navy*, 129 F.3d 1271, 1274 (D.C. Cir. 1997).

"The purpose of 56(d) is to prevent 'railroading' the non-moving party through a premature motion for summary judgment before the non-moving party has had the opportunity to make full discovery." *Dickens*, 2003 WL 21486821, at *2 n.5 (citations omitted). Continuances

[1] A motion under Rule 56(d) must include a declaration which "need not contain evidentiary facts" but which,

> …must explain why facts precluding summary judgment cannot be presented. This includes identifying the probable facts not available and what steps have been taken to obtain these facts. In this circuit, the nonmovant also must explain how additional time will enable him to rebut movant's allegations of no genuine issue of fact.

*Campbell*, 962 F.2d at 1522 (internal citations omitted).
[2] Many of the cases cited herein refer to Federal Rule of Civil Procedure 56(f). Due to an amendment to the Federal Rules of Civil Procedure, the substance of what was formerly Rule 56(f) is now contained in Rule 56(d). The cases analyzing the former Rule 56(f) are therefore applicable to this Response.

granted under Rule 56(d) are "designed to safeguard against a premature or improvident grant of summary judgment." *Pasternak v. Lear Petroleum Exploration, Inc.*, 790 F.2d 828, 833 (10th Cir. 1986). Because of the general policy strongly favoring discovery of all relevant facts, in most cases "denying the right to have full discovery on all pertinent issues before a summary judgment is granted would be error, particularly in the face of a [Rule 56(d)] affidavit." *Miller v. U.S. Dep't of Transp.*, 710 F.2d 656, 666 (10th Cir. 1983). Courts should thus apply a liberal standard when considering Rule 56(d) motions. *Comm. for First Amendment*, 962 F.2d at 1521-22 (quoting James W. Moore & Jeremy C. Wicker, Moore's Federal Practice para. 56.24 (1988)) (stating that "unless dilatory or lacking in merit, the motion should be treated liberally"); *see also Seidel v. The Denver Athletic Club*, Case No. 15-cv-01336-RM-KMT, Doc. No. 30 - Opinion and Order (D. Colo. March 16, 2016).

3. **ARGUMENT**

Pursuant to Fed. R. Civ. P. 56(d), summary judgment is inappropriate at this stage of the litigation because Plaintiff has had *no* opportunity to conduct depositions in this matter, and has had limited chance to conduct discovery. The crux of Rule 56(d) is that "summary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to h[er] opposition." *Anderson*, 477 U.S. at 250 n. 5. Relief under Rule 56(d) is proper when the nonmovant submits a motion and supporting affidavit "identifying the probable facts not available and what steps have been taken to obtain these facts" and "explain[ing] how additional time will enable him to rebut movant's allegations of no genuine issue of fact." *Comm. for the First Amendment*, 962 F.2d at 1522.

3.1 **Plaintiff's counsel's declaration satisfies the requirements of Rule 56(d).**

A party satisfies the requirements of 56(d) when that party's counsel files a declaration that: (i) identifies the probable facts not available, their relevance, and what steps have been taken to obtain those facts, (ii) explains why facts precluding summary judgment cannot be presented, and (iii) states with specificity how the desired time would enable the nonmoving party to meet its burden in opposing summary judgment. *See Comm. for the First Amendment*, 962 F.2d at 1522; *Valley Forge Ins. Co. v. Health Care Management Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010). The declaration from Plaintiff's counsel, David A. Lane, satisfies these criteria. *See* **Exhibit 1**.

### 3.1.1 Plaintiff's counsel's declaration identifies the probable facts not available, their relevance, and what steps have been taken to obtain those facts.

There are multiple types of probable facts outlined in Plaintiff's counsel's declaration that are relevant to the claims against Defendant Boebert. For example, Plaintiff's counsel's declaration outlines a number of probable facts certainly relevant to Plaintiff's claims. For example, Plaintiff's counsel believes that discovery will reveal that Defendant Boebert uses the @laurenboebert account to conduct official activity, that she uses the @laurenboebert account as a tool of governance, that she regularly posts on the @laurenboebert account while conducting official duties, that she uses resources from her office (whether that be her official cell phone, computer, or otherwise) to post on the @laurenboeboert account, and that she intends to use the @laurenboebert account to connect with her constituents. **Exhibit 1**, p. 3. Plaintiff's counsel also believes that discovery will demonstrate that Defendant Boebert blocked Plaintiff because of her political speech about Defendant Boebert's official actions. *Id.* All of these facts are directly relevant to Plaintiff's claims. *See Davison v. Randall*, 912 F.3d 666, 680 (4th Cir. 2019); *Knight First Amendment Inst. at Columbia Univ. v. Trump*, 928 F.3d 226, 231, 236 (2d Cir. 2019)

("*Knight*"), *vacated on other grounds*, No. 20-197, 2021 U.S. LEXIS 1863 (Apr. 5, 2021); *Garnier v. Poway Unified Sch. Dist.*, No. 17-CV-2215-W (JLB), 2019 U.S. Dist. LEXIS 167247m 2019 WL 4736208, at *1 (S.D. Cal. Sept. 26, 2019); *Lewis v. Jones*, 440 F. Supp. 3d 1123 (E.D. Cal. 2020); *Windom v. Harshbarger*, 396 F. Supp. 3d 675, 681-683 (N.D. W. Va. June 6, 2019); *Felts v. Reed*, No. 4:20-CV-00821 JAR, 2020 U.S. Dist. LEXIS 224489, at *16-17 (E.D. Mo. Dec. 1, 2020); *One Wis. Now. v. Kremer*, 354 F. Supp. 3d 951 (W.D. Wis. 2019); *Am. Atheists v. Rapert*, 2019 U.S. Dist. LEXIS 230493, *37-58 (E.D. Ark. September 30, 2019).

Not only does Plaintiff's counsel's declaration outline the probable facts and their relevance, but it also sets out a specific timeline of how Plaintiff has sought to establish those facts, and why they have been unsuccessful in obtaining necessary evidence. **Exhibit 1**, p. 1. Plaintiff has not been able to conduct any discovery in this case. Defendant filed her motion for summary judgment before there was even a scheduling order entered in this matter. *Id.*

### 3.1.2 **Plaintiff's counsel's declaration sufficiently explains why facts precluding summary judgment cannot be presented.**

By filing an early motion for summary judgment, before discovery has been opened and disclosures have been exchanged, Defendant Boebert has effectively prevented Plaintiff from discovering important information relating to how she uses the @laurenboebert account and the circumstances of the blocking that underlies this case.

### 3.1.3 **Plaintiff's counsel's declaration states with specificity how the desired time would enable Plaintiff to meet his burden in opposing summary judgment.**

Given the opportunity, Plaintiff will conduct discovery, including written discovery and taking the depositions of Defendant Boebert, her employee who attested to a deposition in support of her motion, and at Fed. R. Civ. P. 30(b)(6) deposition of the Congresswoman's office.

This discovery is necessary to discover the facts required to meaningfully respond to Defendant

Boebert's motion for summary judgment.

5. CONCLUSION

    Plaintiff respectfully requests that this Court grant his Response To Congresswoman

Lauren Boebert's Motion For Summary Judgment Pursuant To Fed.R.Civ.P 56(d), and deny

Defendant Boebert's motion for summary judgment.

    DATED this 15th day of September 2021.

                                         KILLMER, LANE & NEWMAN, LLP

                                         /s/ David A. Lane
                                         _____
                                         David A. Lane
                                         Andy McNulty
                                         1543 Champa St., Ste. 400
                                         Denver, CO 80202
                                         Phone: (303) 571-1000
                                         Facsimile: (303) 571-1001
                                         dlane@kln-law.com
                                         amcnulty@kln-law.com
                                         ATTORNEY FOR PLAINTIFF

                        CERTIFICATE OF SERVICE

    I certify that on this 15th day of September I filed a true and correct copy of the foregoing
via CM/ECF which will generate emailed notice to the following:

Douglas N. Letter
Brooks Hanner
Todd B. Tatelman
Office of General Counsel
US House of Representatives
5140 O'Neill House Office Building
Washington, DC 20515
Douglas.letter@mail.house.gov
Brooks.hanner@mail.house.gov
Todd.tatleman@mail.house.gov
Counsel for Defendant in her official capacity

                                         s/ Jamie Akard
                                         Jamie Akard