**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-00147

BRIANNA BUENTELLO,

    Plaintiff,

v.

LAUREN BOEBERT,

    Defendant.

_____

**DECLARATION OF DAVID A. LANE IN SUPPORT OF
RESPONSE TO CONGRESSWOMAN LAUREN BOEBERT'S MOTION FOR
SUMMARY JUDGMENT PURSUANT TO FED.R.CIV.P. 56(d)**
_____

    I, David A. Lane, declare under the penalty of perjury that the following is a true and accurate statement:

    1.    My name is David A. Lane. I am over the age of twenty-one and am otherwise competent to testify. I make the following statements based upon my personal knowledge.

    2.    I am counsel for Plaintiff in this matter.

    3.    No scheduling order has entered in this case. Because of this, Plaintiff has not had the ability to conduct any discovery in this matter.

    4.    Because no discovery has been completed in this matter, Plaintiff has effectively lacked the ability to obtain facts necessary to support her claims and support her response to Congresswoman Lauren Boebert's Motion For Summary Judgment in this matter.

    5.    The only support that Defendant Boebert provides for her arguments that Plaintiff's case should be summarily judged are two self-serving declarations. One is attested to

by Defendant Boebert herself. The other is attested to by one of Defendant Boebert's employees. Otherwise, her motion is wholly devoid of factual backing.

6. Whether Defendant Boerbert's blocking of Plaintiff was state action is a hotly disputed issue of material fact. How Defendant Boebert operates her Twitter account is a disputed issue of material fact. Whether she uses it as an official account is a disputed issue of material fact. The reason that Defendant Boebert blocked Plaintiff is a disputed issue of material fact. Whether acted as a member of Congress in blocking Plaintiff is a disputed issue of material fact.

7. In order to meaningfully respond to Defendant Boebert's motion for summary judgment it is necessary for Plaintiff to conduct discovery, including written discovery and taking the depositions of Defendant Boebert, her employee who attested to a deposition in support of her motion, and at Fed. R. Civ. P. 30(b)(6) deposition of the Congresswoman's office.

8. It is necessary to explore through discovery:

    a. how Defendant Boebert uses the @laurenboebert account;

    b. where and when Defendant Boebert posts to the @laurenboebert account;

    c. whether any official resources are used in the operation of the @laurenboebert account;

    d. who posts to the @laurenboebert account;

    e. what content Defendant Boebert posts to the @laurenboebert account;

    f. who Defendant Boebert intends to connect with through her use of the @laurenboebert account;

    g. why Defendant Boebert blocked Plaintiff from the @laurenboebert account;

  h. whether Defendant Boebert was acting in her official capacity in blocking Plaintiff and in the operation of the @laurenboebert account.

9. Defendant Boebert is heavily leaning on the fact that the @laurenboebert account cannot be an official account given that it very occasionally links to her fundraising page. Defendant Boebert has been accused in the past of potentially violating campaign finance laws. *See* Andrew Naughtie, *Lauren Boebert appears to admit campaign finance issues in resurfaced interview*, YAHOO!NEWS, (August 27, 2021), available at: https://news.yahoo.com/lauren-boebert-appears-admit-campaign-203044655.html?soc_src=social-sh&soc_trk=tw&tsrc=twtr; Charles Ashby, *Federal Election Committee issues warning letter to Boebert*, GRAND JUNCTION SENTINEL, (August 19, 2021), available at: https://www.gjsentinel.com/news/politics/federal-election-committee-issues-warning-letter-to-boebert/article_c971a7ac-005a-11ec-aa1e-2bfbb3b19374.html. This makes discovery of how Defendant Boebert is using the @laurenboebert account even more important.

10. Plaintiff's counsel believes that discovery will reveal that Defendant Boebert uses the @laurenboebert account to conduct official activity, that she uses the @laurenboebert account as a tool of governance, that she regularly posts on the @laurenboebert account while conducting official duties, that she uses resources from her office (whether that be her official cell phone, computer, or otherwise) to post on the @laurenboeboert account, and that she intends to use the @laurenboebert account to connect with her constituents. Plaintiff's counsel also believes that discovery will demonstrate that Defendant Boebert blocked Plaintiff because of her political speech about Defendant Boebert's official actions.

11. Given the opportunity by the Court, Plaintiff will, once a scheduling order has issued, immediately conduct discovery.

12. Absent discovery, Plaintiff will be prejudiced in his ability to defend against Defendant Boebert's motion for summary judgment and to prosecute her claims.

13. For these reasons, Plaintiff requires discovery in order to fully inform the court regarding his legal arguments and factual allegations relating to Defendant Boebert's motion for summary judgment.

/s/ *David A. Lane*_____
David A. Lane