IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

BRIANNA BUENTELLO,

                           *Plaintiff*,

      v.

LAUREN BOEBERT, in her official capacity,

                           *Defendant*.

Case No. 1:21-cv-00147

## CONGRESSWOMAN LAUREN BOEBERT'S REPLY IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT

**I.** In response to Representative Lauren Boebert's motion for summary judgment, Plaintiff Brianna Buentello has offered no legal or factual arguments on either the key questions of state action, standing, or any of the other issues discussed. The undisputed material facts and the legal conclusions that flow therefrom demonstrate that Ms. Boebert's blocking of Ms. Buentello from the @laurenboebert Twitter account was not state action and that Ms. Buentello cannot satisfy the "rigorous" standing requirements applicable in this suit. *See* Mot. for Summ. J. at 8-13; 13-14. Nothing has changed regarding the central flaw to all her claims: Ms. Buentello has sued Representative Boebert for private conduct.

Instead of responding to the substance of these points, Ms. Buentello requests time for discovery under Federal Rule of Civil Procedure 56(d), without providing any legal authority on the clear questions of law that entitle Representative Boebert to summary judgment. But a motion under Rule 56(d) does not absolve a nonmovant's obligation to respond to a well-supported summary judgment motion. *Wilson v. Vill. of Los Lunas*, 572 F. App'x 635, 639 (10th Cir. 2014) (citing 11 Moore's Federal Practice § 56.101). The Court should not accept Ms.

Buentello's attempt to escape her obligation by claiming that immaterial facts are "unavailable." Fed. R. Civ. P. 56(d).

At bottom, Ms. Buentello does not need discovery. "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact …, the court may … consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2). Here, Ms. Buentello has failed to properly address Representative Boebert's assertion of material facts, despite ample opportunity to support her claims or seek review of the Court's conclusions. Accordingly, the Court should consider those facts undisputed and grant Representative Boebert's summary judgment motion. *See* Rule 56(e)(2), (3); *Lammle v. Ball Aerospace & Techs. Corp.*, No. 11-cv-3248, 2013 WL 4718928, at *1 (D. Colo. Sept. 1, 2013) (granting summary judgment after plaintiff was deemed "to have conceded the truth of any properly-supported facts alleged").

**II.** This Court should deny Ms. Buentello's request for discovery under Rule 56(d). To obtain relief under Rule 56(d), the declaration must: (1) identify the probable facts that are unavailable; (2) state why these facts cannot be presented without additional time; (3) identify past steps to obtain evidence of these facts; and (4) explain, with specificity, how additional time would allow for rebuttal of the adversary's argument for summary judgment. *Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010); *Chavez v. Perry*, 142 F. App'x 325, 334 (10th Cir. 2005) (unpublished) ("To resist summary judgment on this basis, a party must specifically identify what facts it seeks to discover and show how those facts would materially aid its case on the dispositive issues.").

Although Rule 56(d) requests are often treated liberally, requests that are "dilatory or lacking in merit" receive no such treatment. *Comm. for First Amend. v. Campbell*, 962 F.2d

1517, 1522 (10th Cir. 1992) (citation omitted).  Rule 56(d) motions are ultimately within the court's discretion.  *World Publ'g Co. v. U.S. Dep't of Justice,* 672 F.3d 825, 832 (10th Cir. 2012).

The rule "does not operate automatically," but only if the movant "satisfies certain requirements."  *Valley Forge*, 616 F.3d at 1096 (citation omitted).  The movant must specify with particularity the legitimate need for factual development and why time for discovery is required.  *Jones v. City & Cty. of Denver, Colo.*, 854 F.2d 1206, 1211 (10th Cir. 1988).  The movant must also allege why the information sought would be sufficient to create a genuine issue of material fact to defeat summary judgment.  *Campbell*, 962 F.2d at 1522.  Denial is proper if the evidence sought would not create a genuine issue of material fact to defeat summary judgment.  *Blixseth v. Credit Suisse AG*, 129 F. Supp. 3d 1190, 1211 (D. Colo. 2015), *aff'd sub nom. Blixseth v. Cushman & Wakefield of Colo., Inc.*, 678 F. App'x 671 (10th Cir. 2017).

Rule 56(d) "is not a license for a fishing expedition."  *Lewis v. Ft. Collins*, 903 F.2d 752, 758 (10th Cir. 1990).  The "mere assertion that discovery is incomplete or that specific facts necessary to oppose summary judgment are unavailable" does not suffice.  *Pasternak v. Lear Petroleum Expl., Inc.*, 790 F.2d 828, 833 (10th Cir. 1986).

Here, the Court should decline to exercise its discretion in Ms. Buentello's favor for the following three reasons.

*First*, Ms. Buentello's speculative and vague discovery plan is an improper attempt to conduct a fishing expedition.  Under Rule 56(d), a party must articulate how discovery is needed to respond to the summary judgment motion with specificity, not mere vague or conclusory statements or a list of facts sought to be discovered.  *Lewis*, 903 F.2d at 758; *In re Mirapex Products Liab. Litig.*, 912 F.3d 1129, 1135 (8th Cir. 2019).  A party cannot invoke Rule 56(d) to

3

avoid summary judgment based on ignorance of the facts, speculation, or suspicion. *See Bryant v. O'Connor*, 848 F.2d 1064, 1066-68 (10th Cir. 1988) (affirming denial of Rule 56(d) request to depose federal judges, federal court personnel, and others supported only by bare assertions and conclusory allegations); *F.D.I.C. v. Arciero*, 741 F.3d 1111, 1116-17 (10th Cir. 2013) (affirming denial of Rule 56(d) motion supported only by speculation and undeveloped assertions).

Indeed, courts are skeptical of Rule 56(d) motions, like this one, that amount to speculative attempts to explore irrelevant facts. *See, e.g.*, *Jensen v. Redev. Agency of Sandy City*, 998 F.2d 1550, 1555 (10th Cir. 1993) (denying request for additional discovery time because "Plaintiffs made no showing that additional discovery time would have established facts sufficient to create a genuine issue of fact"); *Trans-W. Petroleum, Inc. v. U.S. Gypsum Co.*, 830 F.3d 1171, 1176 (10th Cir. 2016) ("The vague, general statements of what USG hoped to discover are a far cry from the 'facts essential to justify its opposition' required by [Rule] 56(d)."); *Ellis v. J.R.'s Country Stores, Inc.*, 779 F.3d 1184, 1206-07 (10th Cir. 2015) (affirming denial of Rule 56(d) request where affidavit "only raised a speculative hope of unearthing evidence sufficient to prevail at summary judgment"). Indulging Ms. Buentello's plan to seek discovery of facts that are immaterial to the summary judgment motion, *see* Decl. ¶ 9 (referencing alleged campaign finance issues), would be "wasteful of the court's time and resources and is not the purpose of Rule 56(d)," *see Barker v. Citigroup, Inc.*, No. 11-CV-51, 2012 WL 1379308, at *6 (D. Utah Apr. 20, 2012).

Moreover, Rule 56(d) does not allow a nonmovant to delay or avoid summary judgment by simply attempting to cast doubt on the accuracy of sworn statements in the record. *See Pina v. Children's Place*, 740 F.3d 785, 794-95 (1st Cir. 2014) (affirming denial of Rule 56(d) motion because nonmovant's desire to explore the veracity of assertions in an affidavit was improper

4

attempt to "fish").  Ms. Buentello cannot avert summary judgment merely to test the veracity of Representative Boebert's declarations.

The Rule 56(d) declaration indicates how Ms. Buentello intends to use the discovery process to seek irrelevant information about political topics, presumably to publicize facts that could be used against Representative Boebert in a partisan forum.  *See* Decl. ¶ 9.  But rumors and comments made out-of-court are inadmissible hearsay that cannot be used to overcome summary judgment.  *See Lewis v. Powers*, No. 15-CV-02692, 2018 WL 6272259, at *2 n.2 (D. Colo. Nov. 30, 2018).

*Second*, denial of Ms. Buentello's request for discovery would be consistent with relevant policy considerations.  Delaying a ruling on the summary judgment motion to develop a factual record that will neither inform nor change the central questions of law raised in the motion would contradict the important policy represented in Rule 56 of avoiding unnecessary trials (and discovery) when the material facts are not in dispute.  That policy cannot be undermined merely by claiming that immaterial facts are "unavailable" under Rule 56(d).  If it were otherwise, any party could defeat a summary judgment motion and waste substantial judicial (and, in this case, other official) resources by merely filing a Rule 56(d) declaration.  Here, Rule 56(d) does not provide a route for a nonmovant like Ms. Buentello to avoid or delay summary judgment when there is no reasonable basis to believe that discovery would produce probative evidence.

Courts have frequently emphasized the importance of protecting government officials from vexatious litigation and discovery when denying Rule 56(d) requests in suits that involve Section 1983 claims and a qualified immunity defense.  *See, e.g.*, *Jones*, 854 F.2d at 1211 ("Rule 56[d] discretion must be limited when a summary judgment motion is based on qualified immunity because insubstantial lawsuits 'against government officials [should] be resolved *prior*

*to discovery and on summary judgment if possible.'")* (quoting *Anderson v. Creighton,* 483 U.S. 635, 640 n.2 (1987)); *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1279-80 (11th Cir. 1998). Courts accord this treatment to government defendants because qualified immunity is an affirmative defense that should be resolved "at the earliest possible stage in litigation" to ensure that insubstantial claims are resolved "prior to discovery." *Pearson v. Callahan*, 555 U.S. 223, 231-32 (2009) (cleaned up). Accordingly, the Supreme Court has frequently approved of summary judgment based on affidavits when qualified immunity is raised. *See, e.g.*, *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991).

Similar justifications apply here, where Ms. Buentello is suing—and seeking discovery from—a government official for private acts. Because of the way Ms. Buentello has pleaded her claims, Representative Boebert asserts two defenses—lack of state action and standing—for which the underlying reasons for imposing a heightened Rule 56(d) burden are applicable. Those defenses, like qualified immunity, work to ensure that Representative Boebert is not forced to endure wasteful and distracting attempts to discover facts ultimately immaterial to whether her office is responsible for the personal act of blocking Ms. Buentello from the @laurenboebert account. In these circumstances, Representative Boebert has a "a right, not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery." *Medina v. Cram*, 252 F.3d 1124, 1127 (10th Cir. 2001) (cleaned up).

Further, Ms. Buentello's requests to depose Representative Boebert or her staff about official conduct and to seek documents from her office would face significant obstacles (in addition to the other immunity questions implicated by her plan to discover official and/or legislative information from Representative Boebert, Mot. at 18). *See* Decl. ¶ 10 ("Plaintiff's counsel believes that discovery will reveal that Defendant Boebert uses the @laurenboebert

6

account to conduct official activity…."). To the extent such discovery would extend into Representative Boebert's official actions, the general rule is "that absent extraordinary circumstances, high-ranking officials may not be subjected to depositions or called to testify regarding their official actions." *See Coleman v. Schwarzenegger*, Nos. CIV S-90-0520, C01-1351, 2008 WL 4300437, at *2 (E.D. Cal. Sept. 15, 2008) (collecting cases); *McNamee v. Massachusetts*, No. 12-40050, 2012 WL 1665873, at *2 (D. Mass. May 10, 2012) (applying doctrine to a Congressional chief of staff). This protection is necessary because these officials have "greater duties and time constraints than other witnesses." *Moriah v. Bank of China Ltd.*, 72 F. Supp. 3d 437, 440 (S.D.N.Y. 2014) (citation omitted). If courts did not limit these depositions, high-ranking officials would spend "an inordinate amount of time tending to pending litigation." *Id.* (citation omitted); *Wuterich v. Murtha*, 562 F.3d 375, 386-87 (D.C. Cir. 2009) (disallowing discovery of Congressman's official information as "nothing more than a fishing expedition for facts that *might* give rise to a viable scope-of-employment claim" and noting general error to authorize depositions of certain high-ranking officials). Rather than grapple with the implications of these legal questions, Ms. Buentello presumes that her desire to depose Representative Boebert and her staff should, without more, justify a denial of Representative Boebert's well-supported summary judgment motion.

Contrary to Ms. Buentello's suggestion that Representative Boebert's affidavits should be discounted, courts frequently rely on government declarations in granting summary judgment in the government's favor. *See, e.g.*, *Rocky Mountain Wild, Inc. v. U.S. Bureau of Land Mgmt.*, 455 F. Supp. 3d 1005, 1015 (D. Colo. 2020) (denying Rule 56(d) request and granting summary judgment based on government affidavit). In FOIA cases, for example, discovery relating to an agency's search and the relevant exemptions "is unnecessary if the agency's submissions are

adequate on their face, and a district court may forgo discovery and award summary judgment on the basis of submitted affidavits or declarations." *Wood v. Fed. Bureau of Investigation*, 432 F.3d 78, 84 (2d Cir. 2005) (cleaned up). Here, Representative Boebert's declarations establish the material facts to support her motion for summary judgment and Ms. Buentello has pointed to no reason, much less a specific, reliable reason, to doubt the facts therein.

*Finally*, even if Ms. Buentello were able to otherwise meet the requirements for relief under Rule 56(d), this Court has identified a serious question regarding her legal theory here. The Court has already opined that Ms. Buentello's state action theory improperly focuses on "adding up the content of [Representative Boebert's] social-media posts to determine whether some critical mass of state action has been reached that would make the entire operation of the account state action," rendering it "far afield" from the narrower "question of whether a member of Congress's blocking a Twitter follower meets the requirements for state action." Order at 8; *id.* at 9 ("The particular action in question must, to implicate the Constitution, be undertaken on behalf of the state."); *id.* at 10 ("Ms. Buentello has not pointed to any state action involved in Representative Boebert's blocking of her on Twitter."). Ms. Buentello's limited description of what she seeks to obtain through discovery is flawed because it fails to explain what information she would gather that would overcome the legal problem identified by this Court. *See Gutierrez v. Cobos*, 841 F.3d 895, 909 (10th Cir. 2016) (affirming denial of Rule 56(d) motion because, "although Plaintiffs' requested information is broadly relevant … their Rule 56(d) motion did not explain *how* specific information was *essential* to their summary judgment opposition").

And "even under Ms. Buentello's proposed doctrinal framework," the discovery sought would not change the fact that "Representative Boebert's blocking does not satisfy the requirements of state action." Order at 13 ("The government does not authorize her to run this

8

Twitter account, and her use of the account does not amount to action on the government's behalf."). This case is not about a government official blocking a user from an official Twitter account, but instead one where Ms. Buentello argues that Ms. Boebert's personal Twitter account should be converted into government property because of speculative assertions of some incidental overlap with official issues (and unrelated news stories). *See* Decl. ¶¶ 9-10. The relevant conduct—Ms. Boebert's blocking of Ms. Buentello from the @laurenboebert account— was not taken by Representative Boebert in her official capacity and was not supported by official resources. Mot. at 9-12. None of Ms. Buentello's requested discovery, *see* Decl. ¶¶ 6, 8, 10, appears likely to change the lack of official involvement in the *blocking* at issue, *see* Mot. at 9-12. Similarly, Ms. Buentello's strategic choice to pursue only official-capacity claims over this private conduct fails the "rigorous" standing inquiry applicable here. Mot. at 13-14. No further facts are necessary for the Court to decide these issues.

In sum, Ms. Buentello's effort to buttress her claims does not merit an exercise of the Court's discretion. Because Representative Boebert has demonstrated that there are no material facts in dispute, the Court should grant her summary judgment motion.

Dated: September 24, 2021                         Respectfully submitted,

/s/ Douglas N. Letter
DOUGLAS N. LETTER
   *General Counsel*
TODD B. TATELMAN
BROOKS M. HANNER

OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
5140 O'Neill House Office Building
Washington, D.C. 20515
(202) 225-9700 (telephone)
douglas.letter@mail.house.gov

*Counsel for Rep. Boebert, in her official capacity*

9

## TYPE-VOLUME CERTIFICATION

1.	This document complies with the word limit set forth in DDD Civ. P.S. III(A)(1) because, excluding parts of the document exempted under the practice standards, this document contains 2597 words.

2.	This document complies with the typeface and type-style requirements set forth in DDD Civ. P.S. I(D) because this document has been prepared in Microsoft Word using 12-point Times New Roman, a proportionally spaced, serif font typeface.

<em>/s/ Douglas N. Letter</em><br>DOUGLAS N. LETTER

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2021, I caused the foregoing document to be filed via the CM/ECF system for the U.S. District Court for the District of Colorado, which will send notification of that filing to all counsel of record in this litigation.

*/s/ Douglas N. Letter*
DOUGLAS N. LETTER