IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Daniel D. Domenico**

Civil Action No. 1:21-cv-00147-DDD

BRIANNA BUENTELLO,

     Plaintiff,

v.

LAUREN BOEBERT, in her official capacity,

     Defendant.

---

## ORDER FOR SUPPLEMENTAL BRIEFING REGARDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. 34)

---

This is another in a series of cases in which Twitter users fight for their right to block others from their corner of that platform. Before me is Defendant Lauren Boebert's Motion for Summary Judgment. (Doc. 34.) Plaintiff's response, however, does not address the merits of the motion whatsoever. It focuses solely on the need for discovery, which may affect a state-action analysis. But state action isn't the only legal issue that could dictate the outcome of the pending motion. While that could be treated as a forfeiture of her right to provide her arguments, if not a concession, on the merits in light of the constitutional questions at issue, I find that allowing another opportunity to provide briefing on the motion is appropriate.

### DISCUSSION

Summary judgment is appropriate if there is no genuine dispute of material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Adamson v. Multi Cmty. Diversified Servs., Inc.*,

514 F.3d 1136, 1145 (10th Cir. 2008). A fact is material if it could affect the outcome of the suit under the governing law; a dispute of fact is genuine if a rational jury could find for the nonmoving party on the evidence presented. *Id.*

Defendant moved for summary judgment on several bases: that the actions being challenged are not state action, that Plaintiff lacks standing to challenge them, that there is not a valid cause of action, and that the requested relief would violate constitutional separation-of-powers and supremacy principals.

## I.  Plaintiff's Response – Discovery

Plaintiff's response makes no effort to argue against the substance of Defendant's motion; her response is instead entirely based on Rule 56(d) of the Federal Rules of Civil Procedure. Rule 56(d) allows a court to deny or defer ruling on a motion for summary judgment if the "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." "To resist summary judgment on this basis, a party must specifically identify what facts it seeks to discover and show how those facts would materially aid its case on the dispositive issues." *Chavez v. Perry*, 142 F. App'x 325, 334 (10th Cir. 2005).

Rule 56(d) "is not a license for a fishing expedition." *Lewis v. Ft. Collins*, 903 F.2d 752, 758 (10th Cir. 1990). The "mere assertion that discovery is incomplete or that specific facts necessary to oppose summary judgment are unavailable" is insufficient. *Pasternak v. Lear Petroleum Expl., Inc.*, 790 F.2d 828, 833 (10th Cir. 1986). A Rule 56(d) determination is within a court's discretion. *World Publ'g Co. v. U.S. Dep't of Justice*, 672 F.3d 825, 832 (10th Cir. 2012). Denial is proper if the evidence sought would not demonstrate a genuine issue of material fact to defeat

summary judgment. *Blixseth v. Cushman Suisse AG*, 129 F. Supp. 3d 1190, 1211 (D. Colo. 2015).

Plaintiff's counsel's declaration lists the following items "it is necessary to explore through discovery":

1. How Defendant uses the @laurenboebert account;

2. Where and when Defendant posts to the @laurenboebert account;

3. Whether any official resources are used in the operation of the @laurenboebert account;

4. Who posts to the @laurenboebert account;

5. What content Defendant posts to the @laurenboebert account;

6. Who Representative Boebert intends to connect with through her use of the @laurenboebert account;

7. Why Representative Boebert blocked Ms. Buentello from the @laurenboebert account; and

8. Whether Representative Boebert was acting in her official capacity in blocking Ms. Buentello and in the operation of the @laurenboebert account.

(Doc. 35-1 at 2-3.)

As Defendant points out, this has many hallmarks of a fishing expedition. Number 8, for example, is a legal conclusion, not a potential fact. *See Trans-W. Petroleum, Inc. v. U.S. Gypsum Co.*, 830 F.3d 1171, 1176 (10th Cir. 2016) ("The vague, general statements of what USG hoped to discover are a far cry from the 'facts essential to justify its opposition' required by [Rule] 56(d)."); *Ellis v. J.R.'s Country Stores, Inc.*, 779 F.3d 1184, 1206-07 (10th Cir. 2015) (affirming denial of Rule 56(d) request where affidavit "only raised a speculative hope of unearthing evidence

- 3 -

sufficient to prevail at summary judgment"); *F.D.I.C. v. Arciero*, 741 F.3d 1111, 1116-17 (10th Cir. 2013). Numbers 1 and 5 appear to be available to Plaintiff already, yet she does not explain why she has not acquired such information. Numbers 6 and 7 seem at most tangentially relevant to the legal issues presented in the motion (which is not premised on Defendant's motivations).

And as Defendant points out, the requested information is effectively just a request to depose Defendant and her staff to test the veracity of the signed declarations already in the record. Simply asserting that the signed declarations may be untrue is inadequate. *See Ellis*, 779 F.3d at 1206 ("We expect Rule 56(d) motions to be robust, and we have observed that '[an] affidavit's lack of specificity' counsels against a finding that the district court abused its discretion in denying a request for additional discovery under the rule."); *Arciero*, 741 F.3d at 1116; *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1123 (10th Cir. 2005). The impression that this is a fishing expedition is heightened by the type of discovery sought—depositions of a member of Congress, in her official capacity, and her staff—rather than other sources of information, such as computer records or other documentation, that would seem more likely to provide concrete information actually relevant to this lawsuit.[1] That

---

[1]   As Defendant points out, deposing sitting members of Congress and their staffs regarding official actions, which is what Plaintiff seeks here, also raises significant separation-of-powers concerns. As a general practice, "absent extraordinary circumstances, high-ranking officials may not be subjected to depositions or called to testify regarding their official actions." *Coleman v. Schwarzenegger*, Nos. CIV S-90-0520, C01-1351, 2008 WL 4300437, at *2; *see also Wuterich v. Murtha*, 562 F.3d 375, 386-87 (D.C. Cir. 2009) (disallowing discovery of Congressman's official information as "nothing more than a fishing expedition for facts that might give rise to a viable scope-of-employment claim" and noting general error to authorize depositions of certain high-ranking officials). And, as Defendant observes, there may be other "immunity questions implicated by [Ms. Buentello's] plan to discover official and/or legislative

- 4 -

Plaintiff did not bother to respond to the substance of any of Defendant's arguments, at all, but merely sought discovery, likewise suggests that rather than material necessary for a response, it is the discovery itself that Plaintiff really wants—the definition of a fishing expedition.[2]

I remain skeptical, too, that analyzing the types of information Plaintiff seeks is the proper way to determine whether an official's actions with respect to a social-media account qualify as state action. (*See* Doc. 31.) Nevertheless, if the Defendant's only argument was that she did not use @laurenboebert in any official capacity, I would probably be inclined to grant at least some limited Rule 56(d) discovery. But Plaintiff fails to provide an explanation, and I currently do not see, how such the discovery Plaintiff seeks relates to the other asserted grounds for summary judgment identified in Defendant's motion. I could decide that Plaintiff has forfeited her right to respond to those asserted grounds and proceed to address them solely on the arguments of Defendant. *See Gutierrez v. Cobos*, 841 F.3d 895, 909 (10th Cir. 2016) (affirming denial of Rule 56(d) motion because, "although Plaintiffs' requested information is broadly relevant . . . their Rule 56(d) motion did not explain how specific information was essential to their summary judgment opposition").

---

information from Representative Boebert." (Doc. 36 at 6.)

[2]   Plaintiff's counsel also says that the fact that Defendant has been "accused in the past of potentially violating campaign finance laws" makes discovery of how she is using the @laurenboebert account even more important. (Doc. 35-1 at 3 (citing two newspaper articles, neither of which have anything to do with @laurenboebert or Twitter at all).) This might be true if this were a campaign finance case. But it isn't. This too suggests that the purpose of the Rule 56(d) request is something other than actually obtaining information necessary to respond to the summary-judgment motion.

## II. Remaining Legal Issues

Because, however, Plaintiff's case involves a non-frivolous claim that her First Amendment rights are being violated, and touches on some other important and evolving legal matters, I elect to give her another opportunity to respond to the other legal questions Defendant's motion raises. The Supreme Court's decision last week in *Egbert v. Boule*, for example, highlights that Court's requirement that careful attention be paid to the existence of a cause of action and to the separation-of-powers implications of inferring one. *See* — S. Ct. —, No. 21-147, 2022 WL 2056291 (June 8, 2022). While the contours of the claims here, which involve requests for both monetary and injunctive relief against a member of Congress in her official capacity, are not the same as those in *Egbert*, Plaintiff has not to date provided such careful attention to that question.

Likewise, Plaintiff is suing a member of Congress in her official capacity, which is generally treated as an action against the United States. *Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001). "It is well-settled that the United States retains its sovereign immunity from suit unless it has expressly waived such immunity and that the application of this doctrine cannot be avoided simply by naming agencies of the federal government or their individual officers and employees." *Nat'l Commodity and Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245-46 (10th Cir. 1989) (citing *Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989)). Plaintiff has not identified a waiver of sovereign immunity or explained why an exception applies here. Nor has she addressed Defendant's Supremacy Clause arguments.

The discovery Plaintiff seeks does not appear relevant to these arguments, or at least she has not explained how it would be. The Rule 56(d)

request, to the extent it is not a fishing expedition, seems focused solely on the state-action question. Because these other issues may be dispositive, I will provide her another opportunity to address them rather than ruling on the Rule 56(d) request or the merits of the summary-judgment motion at this time.

## CONCLUSION

It is ORDERED that on or before June 30, 2022, Plaintiff may file a brief, not to exceed 3,000 words, explaining why her claims are not subject to dismissal for the legal reasons raised by the Defendant's summary-judgment motion, including sovereign and Supremacy Clause immunity, lack of a valid cause of action, and/or why the discovery she seeks would materially alter the analysis of any of those questions.

It is FURTHER ORDERED that Defendant may file a response, not to exceed 3,000 words, within two weeks of Plaintiff's filing.

DATED: June 16, 2022

BY THE COURT:

Daniel D. Domenico
United States District Judge