**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| BRIANNA BUENTELLO, *Plaintiff*, v. LAUREN BOEBERT, in her official capacity, *Defendant*. | Case No. 1:21-cv-00147 |

**CONGRESSWOMAN LAUREN BOEBERT'S SUPPLEMENTAL BRIEF
IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT**

Plaintiff Brianna Buentello's supplemental brief (ECF 38) ("Pl.'s Suppl. Br.") fails in raising a genuine issue of material fact or a legal reason why the Court should not grant Representative Lauren Boebert's motion for summary judgment (ECF 34) ("Rep. Boebert's Mot. for Summ. J."). As with previous filings in this case, nothing in Ms. Buentello's supplemental brief changes the central flaw in her claims: She has sued a Member of Congress in her official capacity over private conduct. While the supplemental brief does not raise any issue that necessitates discovery or further legal argument, Representative Boebert submits the following reply to relevant issues raised in brief.

*First*, contrary to Ms. Buentello's new arguments, sovereign immunity bars her attempt to enjoin Representative Boebert's official activities. *See* Pl.'s Suppl. Br. at 1-3. "[I]t is well established that the United States' sovereign immunity 'extends to [claims for] injunctive relief.'" *Rockefeller v. Bingaman*, 234 F. App'x 852, 855 (10th Cir. 2007) (quoting *United States v. Murdock Mach. & Eng'g Co. of Utah*, 81 F.3d 922, 929 (10th Cir. 1996)). Indeed,

courts generally treat "a suit for specific relief, *e.g.*, injunctive or declaratory relief, against a named officer of the United States to be a suit against the sovereign." *Id.* at 855 (quoting *Wyoming v. United States*, 279 F.3d 1214, 1225 (10th Cir. 2002)). In *Rockefeller*, the Tenth Circuit rejected the same arguments Ms. Buentello asserts here. *See id.* at 856 ("[W]e reject Mr. Rockefeller's arguments to the effect that: (1) 'the United States has *no immunity* when only injunctive relief is sought.'" (quoting Mr. Rockefeller's opening brief)).

To the extent Ms. Buentello seeks to invoke either of the two "narrow" exceptions to the general bar against suits seeking specific relief from the United States, neither are applicable here. *Id.* at 855. These limited exceptions, which are narrowly construed, allow a court to deem a government official's conduct as so patently "illegal" that it can permit a suit for specific relief against an officer if the officer was allegedly acting beyond statutory authority or unconstitutionally. *Id.*; *see also Lane v. Pena*, 518 U.S. 187, 192 (1996) (collecting cases demonstrating that limitations on sovereign immunity should be narrowly construed). They exist based on the notion that an *ultra vires* action by a federal officer "is beyond the officer's powers and is, therefore, not the conduct of the sovereign." *Larson v. Domestic & Foreign Com. Corp.*, 337 U.S. 682, 690 (1949).

Neither of these exceptions apply because, as we have explained at some length in our prior filings, Ms. Boebert operates the @laurenboebert Twitter account separately from her official House Twitter account, without any use of House resources, and her operation of that account was private conduct that was not unconstitutional. Further, those exceptions do not apply in a situation like this one, where an injunction would require affirmative action by the sovereign (via an injunction that would, if Ms. Buentello were to succeed, require Representative

2

Boebert, in her official capacity, to act with respect to Ms. Boebert's private Twitter account). *See Wyoming*, 279 F.3d at 1225. And, in any event, "[i]n the context of a suit for injunctive relief against individual members of Congress, the exceptions for ultra vires and unconstitutional conduct would in effect nullify the legislative immunity provided to members of Congress by the Speech or Debate Clause." *Rockefeller*, 234 F. App'x at 856.

Ms. Buentello's reliance on the Administrative Procedure Act—specifically 5 U.S.C. § 702—is misplaced. While it is true that Section 702 eliminated the United States' sovereign immunity defense in most actions for non-monetary relief against a "U.S. agency or officer thereof acting in an official capacity, … Congress is not an 'agency' as defined under the Administrative Procedure Act." *Rockefeller*, 234 F. App'x at 856 (citations omitted). Because Ms. Buentello has sued a Member of Congress rather than a federal *agency*, "the waiver of sovereign immunity contained in § 702 does not apply to this case." *Id.*; *see also Trudeau v. FTC*, 456 F.3d 178, 187 (D.C. Cir. 2006) (noting that Section 702 "refer[s] to a claim against an 'agency' and hence waives immunity only when the defendant falls within that category").

Ms. Buentello's reliance on 28 U.S.C. § 1361 also fails. That statute expressly confers jurisdiction upon the district courts over "mandamus" actions to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. This is not a mandamus action and Representative Boebert does not owe any legal "duty" to Ms. Buentello, particularly when it comes to operation of Ms. Boebert's private Twitter account.

*Second*, Ms. Buentello focuses on the wrong Supremacy Clause protections. *See* Pl.'s Suppl. Br. at 3-6. Representative Boebert is not invoking the Supremacy Clause in response to a

3

state criminal prosecution and, thus, is not asserting that type of "immunity" here. Whether the Supremacy Clause prevents a federal officer from being found "'guilty of a crime under the law of' any state" is not relevant to this case. *Id.* at 3 (citing *In re Neagle*, 135 U.S. 1, 75 (1890)); *see also id.* at 3-6, 9 (citing other cases on "Supremacy Clause immunity").

*Rather*, the Supremacy Clause issues arise from any potential remedy that would subject Representative Boebert's official activities to regulation from Colorado's free speech law. Rep. Boebert's Mot. for Summ. J. at 16-17. Without any federal statute that specifically provides for such an application of state law to the social media accounts of Members of Congress, the Supremacy Clause shields Representative Boebert from regulation by Colorado state law. *Id.* Representative Boebert operates her official and private social media accounts separately and in compliance with a wide body of applicable federal laws and House rules. *See id.* at 1-5. The Supremacy Clause therefore forecloses Ms. Buentello's state law claim.

*Third*, the other issues Ms. Buentello raises similarly miss the mark. Ms. Buentello's recitation of the legal standards establishing when a claim exists and the scope of equity powers exercised by federal courts do not demonstrate a valid cause of action in this case. *See* Pl.'s Suppl. Br. at 6-7; *see also* Rep. Boebert's Mot. for Summ. J. at 15. This Court's equitable powers are only relevant if Ms. Buentello has proven that her rights were violated, which she has not.

In addition, the separation of powers concerns arise from the specific relief Ms. Buentello is seeking from Representative Boebert. *See* Pl.'s Suppl. Br. at 8. Separation of powers precludes the Court from prescribing rules to the House on how Members should operate their

4

private social media accounts, a topic that is extensively covered by internal House rules and federal law.  *See* Rep. Boebert's Mot. for Summ. J. at 1-5, 15-16.

The Court has already pointed out flaws in Ms. Buentello's claims that are revealed by her request to depose Representative Boebert rather than first considering less burdensome alternatives.  Order at 4 (ECF 37) ("The impression that this is a fishing expedition is heightened by the type of discovery sought—depositions of a member of Congress, in her official capacity, and her staff—rather than other sources of information, such as computer records or other documentation, that would seem more likely to provide concrete information actually relevant to this lawsuit.").  Despite this Court's explicit concern, and as further evidence of the problems with Ms. Buentello's discovery plan, she again claims that she needs to depose Representative Boebert now to determine whether the latter is entitled to "Supremacy Clause immunity"—an immunity Representative Boebert has not claimed in this suit.  Pl.'s Suppl. Br. at 9.

*Fourth*, even after the Court provided Ms. Buentello with an additional opportunity to salvage her case, she declined to present any argument on standing.  Our standing arguments before the Court remain unrebutted.  *See* Rep. Boebert's Mot. for Summ. J. at 13-14.

\* \* \*

Ms. Buentello's final attempt to save her lawsuit has failed and does not merit any further exercise of the Court's discretion.  Representative Boebert has demonstrated that Ms. Buentello's legal theories do not apply to Ms. Boebert's private conduct, or fail outright.  For the reasons provided here and in our previous filings, the Court should grant Representative Boebert's motion for summary judgment.

Dated: July 11, 2022                              Respectfully submitted,

*/s/ Douglas N. Letter*
DOUGLAS N. LETTER
  *General Counsel*
TODD B. TATELMAN
BROOKS M. HANNER

OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
5140 O'Neill House Office Building
Washington, D.C. 20515
(202) 225-9700 (telephone)
Douglas.Letter@mail.house.gov

*Counsel for Rep. Boebert, in her official capacity*

## TYPE-VOLUME CERTIFICATION

1. This document complies with the word limit set forth in DDD Civ. P.S. III(A)(1) because, excluding parts of the document exempted under the practice standards, this document contains 1370 words.

2. This document complies with the typeface and type-style requirements set forth in DDD Civ. P.S. I(D) because this document has been prepared in Microsoft Word using 12-point Times New Roman, a proportionally spaced, serif font typeface.

*/s/ Douglas N. Letter*
DOUGLAS N. LETTER

**CERTIFICATE OF SERVICE**

I hereby certify that on July 11, 2022, I caused the foregoing document to be filed via the CM/ECF system for the U.S. District Court for the District of Colorado, which will send notification of that filing to all counsel of record in this litigation.

*/s/ Douglas N. Letter*
DOUGLAS N. LETTER